## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SISTERSONG WOMEN OF COLOR
REPRODUCTIVE JUSTICE
COLLECTIVE, on behalf of itself and its
members, *et al.*,

      Plaintiffs,

v.

BRIAN KEMP, Governor of the State of
Georgia, in his official capacity, *et al.*,

      Defendants.

Case No. 1:19-cv-02973-SCJ

## DEFENDANT SHERRY BOSTON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

S. DEREK BAUER
Georgia Bar No. 042537
IAN K. BYRNSIDE
Georgia Bar No. 167521
JACQUELINE T. MENK
Georgia Bar No. 728365

BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendant Sherry Boston,
District Attorney for the Stone Mountain
Judicial Circuit, in her official capacity*

NOW COMES, Defendant Sherry Boston, District Attorney for the Stone Mountain Judicial Circuit, in her official capacity ("D.A. Boston"), and by and through her undersigned counsel, respectfully submits that there is no jurisdictional or legal basis for this Court to enter the preliminary injunction (or any other relief) sought by Plaintiffs against D.A. Boston, and that, as to D.A. Boston, Plaintiffs' Motion for a Preliminary Injunction (the "Motion") should be denied.

## I.  INTRODUCTION

Plaintiffs filed this lawsuit seeking to preserve important constitutional rights that are provided by existing United States Supreme Court precedent and threatened by Georgia House Bill 481 ("H.B. 481") -- rights that D.A. Boston not only acknowledges and agrees deserve protection, but that she has also publicly vowed to protect by exercising her discretion not to prosecute anyone under that law.  Under long-settled Georgia law, D.A. Boston's public non-enforcement pledge means that she is not a proper defendant in this case, and that the injunctive relief sought against her is inappropriate.  Indeed, because D.A. Boston has made clear that her office will not enforce H.B. 481 against Plaintiffs (or anyone else), Plaintiffs lack the "case or controversy" needed to establish subject matter jurisdiction over their claims against her, cannot overcome her established right to immunity under the Eleventh

4845-9247-3504.4

Amendment, and cannot demonstrate that they will suffer *any* harm, much less irreparable harm, if an injunction is not entered against her.

Moreover, although D.A. Boston believes H.B. 481 is unconstitutional on its face, the injunction Plaintiffs seek against her is inappropriate because it requires a federal court to enjoin a state prosecutor from deciding whether, when, and against whom to enforce a state criminal law that has not yet been declared unconstitutional. Such an injunction would unnecessarily upend established principles of comity and improperly invade the broad prosecutorial discretion afforded to district attorneys in this state, both of which the Supreme Court has cautioned federal courts to avoid except in extraordinary circumstances, none of which exist here.

For Plaintiffs to obtain their desired injunction against D.A. Boston, the Court would have to stretch the limits of constitutional standing and Eleventh Amendment immunity to their breaking point; trample the long-standing tradition of comity between the federal and state courts; appropriate the independence and discretion of a state prosecutor's office; and grant the extraordinary remedy of a federal court injunction against a state officer. None of these extreme judicial acts are necessary, however, because Plaintiffs can obtain complete relief from the other defendants with whom they have an actual controversy, and they can do so before H.B. 481 is due to take effect. Plaintiffs' Motion should therefore be denied.

-2-

## II.    BACKGROUND RELEVANT TO D.A. BOSTON

Plaintiffs' Complaint asserts a facial constitutional challenge to H.B. 481, which becomes effective on January 1, 2020, and which will ban abortions in Georgia once a fetus has a "detectable human heartbeat" (*i.e.*, approximately 6 weeks into a pregnancy).  (*See* Verif. Compl.)  Aside from alleging that she is the District Attorney for the Stone Mountain Judicial Circuit and that the "Defendant District Attorneys, concurrently with the Governor and Attorney General, are responsible for criminal prosecution, including the prosecution of the acts made criminal by H.B. 481," the Complaint contains *no factual allegations* about D.A. Boston.  (*Id.* at ¶¶ 27, 29.)  Most relevant to this Motion, Plaintiffs never allege that D.A. Boston will seek to enforce H.B. 481 against them, that she has threatened to do so, that she intends to do, or even that she *might* do so if not enjoined.

The reason for that omission is plain:  Plaintiffs could not, in good faith, allege that D.A. Boston intends to enforce H.B. 481 against them (or anyone else) because she has repeatedly and emphatically vowed she will not do so.  (*See* Greg Bluestein & Maya T. Prabhu, "Digging Deeper: Georgia DAs Divided Over Prosecution of 'Heartbeat' Law," Atlanta Journal-Constitution, May 23, 2019, *available at* https://www.ajc.com/news/state--regional-govt--politics/georgia-das-divided-over-prosecution-heartbeat-law/cfYuXj3OZHnwd2OZsg1bCP/).    Indeed, D.A. Boston

has been unequivocal that "[a]s District Attorney with charging discretion, ***I will not prosecute individuals pursuant to H.B. 481*** given its ambiguity and constitutional concerns." (*Id.*, emphasis added.)[1] Thus, as Plaintiffs understood before they sued her office, D.A. Boston will not enforce H.B. 481, even if it becomes effective.

Plaintiffs nevertheless ask this Court to enter an injunction preventing D.A. Boston from doing the very thing she has repeatedly made clear she will not do -- enforce H.B. 481. For the reasons set forth below, such an injunction against D.A. Boston is neither permissible nor proper here.

---

[1] In numerous other public statements, D.A. Boston has reiterated her "grave concerns" about the constitutionality of H.B. 481, her duty and commitment to enforcing existing U.S. Supreme Court precedent and the constitutional protections it guarantees to Georgia citizens, and her unwavering pledge not to prosecute individuals under H.B. 481. (*See* Jonathan Ringel, "DeKalb DA Won't Prosecute Violations of New Abortion Law," Daily Report, May 16, 2019, *available at* https://www.law.com/dailyreportonline/2019/05/16/dekalb-da-wont-prosecute-violations-of-new-abortion-law/; Isaac Stanely-Becker, "'A responsibility to say no': Prosecutors vow not to bring charges under severe abortion laws," The Washington Post, May 21, 2019, *available at* https://www.washingtonpost.com/nation/2019/05/21/georgia-prosecutors-wont-enforce-abortion-ban-sim-gill-utah/?tid=ss_mail; Interview by Ari Melber with Sherry Boston, D.A. for the Stone Mountain Judicial Circuit, "Watch Georgia D.A. refuse to enforce new abortion law," The Beat With Ari, May 21, 2019, *available at* https://www.msnbc.com/the-beat-with-ari/watch/watch-georgia-d-a-refuse-to-enforce-new-abortion-law-60072517610; Morgan Gstalter, "District attorneys near Atlanta vow not to prosecute women who get abortions," The Hill, May 18, 2019, *available at* https://thehill.com/homenews/state-watch/444403-district-attorneys-near-atlanta-vow-not-to-prosecute-women-who-get; Stephen Fowler, "Georgia District Attorneys Divided on Meaning of New Abortion Law," GPB News, May 23, 2019, *available at* https://www.gpbnews.org/post/georgia-district-attorneys-divided-meaning-new-abortion-law.

4845-9247-3504.4

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against D.A. Boston.

A court cannot grant injunctive relief if it lacks subject matter jurisdiction over the underlying claims. *See, e.g.*, *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting "a federal court is powerless to act without jurisdiction"). Because Plaintiffs do not have standing to pursue their claims against D.A. Boston, and "[b]ecause standing is jurisdictional," *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008), this Court lacks jurisdiction to enter the requested injunction against her, and the Motion should be denied as to D.A. Boston.

Article III of the U.S. Constitution limits federal courts' jurisdiction to claims that present an actual "case or controversy" between the parties. *Corbett v. Transp. Sec. Admin.*, --- F.3d ---, 2019 WL 3244082, at *4 (11th Cir. July 19, 2019); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("[N]o principle is more fundamental to the judiciary's proper role in our system than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). Standing plays an "essential" role in establishing the "case or controversy" requirement, *Corbett*, 2019 WL 3244082, at *4, by ensuring that "the plaintiff has made out a

4845-9247-3504.4

'case or controversy' *between himself and the defendant* within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (emphasis added).

Standing is a "threshold question" that "must be explored at the outset of any case," and "independent of the merits of a party's claims," because "without it," the Court has "no power to judge the merits," much less to enter an injunction. *Corbett*, 2019 WL 3244082, at \*4; *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *see also Univ. of S. Alabama*, 168 F.3d at 410 ("a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings"). Thus, even if Plaintiffs are correct that the portions of H.B. 481 criminalizing abortion are unconstitutional, they must first establish standing to bring their claims against D.A. Boston before the Court can consider them.

Plaintiffs bear the burden of establishing each of the elements of standing with respect to their claims against D.A. Boston. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Specifically, Plaintiffs must show that: (1) they have suffered, or are about to suffer, an injury in fact that is "actual or imminent, not 'conjectural' or 'hypothetical'"; (2) a causal connection between that injury and *D.A. Boston's conduct*; and (3) the real likelihood, as opposed to mere speculation, that the injury will be redressed by a favorable decision. *Id.* at 560 (citation omitted).

4845-9247-3504.4

To establish the first element of standing -- injury in fact -- a plaintiff seeking injunctive or declaratory relief must "allege an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, *and* [that] there exists *a credible threat of prosecution thereunder*." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (emphasis added). While a plaintiff challenging the validity of a criminal statute is not "required to await and undergo a criminal prosecution as the sole means of seeking relief," *id.*, he "must show a 'real and immediate' threat of his future prosecution under that statute to satisfy the injury in fact requirement." *D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004); *Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006) (plaintiff seeking injunctive or declaratory relief must prove "a real and immediate threat of future injury in order to satisfy the 'injury in fact' requirement"). Indeed, "persons having no fears of state prosecution except those that are imaginary and speculative, are not to be accepted as appropriate plaintiffs." *Babbitt*, 442 U.S. at 298.

Numerous federal courts, including the U.S. Supreme Court, have recognized that "[t]he mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006);

*see also Poe v. Ullman*, 367 U.S. 497, 507 (1961) ("[T]he mere existence of a state penal statute would constitute insufficient grounds to support a federal court's adjudication of its constitutionality in proceedings brought against the State's prosecuting officials if real threat of enforcement is wanting."); *McCormack v. Hiedeman*, 694 F.3d 1004, 1021 (9th Cir. 2012) (recognizing that "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement") (citation omitted). Instead, a plaintiff challenging a criminal statute must show that he faces a "credible" and "genuine threat of prosecution." *Babbitt*, 442 U.S. at 298; *McCormack*, 694 F.3d at 1021.

Whether there is a "credible threat of prosecution" is a "fact-specific inquiry that asks whether a reasonable person would fear prosecution under the statute given the historical circumstances and official statements about possible future enforcement." *Bryant v. Woodall*, 363 F. Supp. 3d 611, 617 (M.D.N.C. 2019); *see also Babbitt*, 442 U.S. at 302 (looking to whether the "State has . . . disavowed any intention of invoking the criminal penalty provision" as a factor in determining whether plaintiffs had standing). "Where a plaintiff only seeks prospective relief, standing is defeated when there is evidence the government will not enforce the challenged statute against the plaintiff." *Mink v. Suthers*, 482 F.3d 1244, 1255 (10th Cir. 2007) (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 327 (8th Cir. 1999));

-8-

*see also Winsness*, 433 F.3d at 731 (recognizing that "assurances from prosecutors that they do not intend to bring charges are sufficient to defeat standing"). The Supreme Court has made this rule crystal clear: "[i]f the prosecutor expressly agrees not to prosecute, a suit against him for declaratory and injunctive relief is not such an adversary case as will be reviewed" by the federal courts. *Poe*, 367 U.S. at 507.[2]

Of course, Plaintiffs have not alleged that they face a "credible threat of prosecution" under H.B. 481 by D.A. Boston; nor could they. Based on her review of controlling U.S. Supreme Court precedent, D.A. Boston determined that H.B. 481 does not survive constitutional scrutiny, and that it therefore will not be enforced by her office. Quite simply, there is no threat, much less a "credible" one, that Plaintiffs (or anyone else) will be prosecuted by D.A. Boston's office for violating H.B. 481, and no objectively reasonable basis for *anyone* to believe they would be. *See, e.g.*, *Mink*, 482 F.3d at 1254-1255 (holding district attorney's "no file" letter disavowing intent to prosecute plaintiff prevented a credible threat of prosecution).

Because Plaintiffs "do not claim they have ever been threatened with prosecution [by D.A. Boston], that a prosecution [by D.A. Boston] is likely, or even

---

[2] "There is no requirement that the state's disavowal of prosecution carry the force of law or come in any specific form" to defeat standing. *Bryant*, 363 F. Supp. 3d at 619. To the contrary, because the "credible threat" analysis is governed by an objective standard, "the disavowal must simply assure a reasonable person that there is no risk to them of engaging in protected conduct proscribed by the statute." *Id.*

that a prosecution [by D.A. Boston] is remotely possible" -- and because D.A.

Boston's public commitments have been clear no such prosecution will occur --

Plaintiffs "do not allege a dispute [with D.A. Boston] susceptible to resolution by a

federal court." *Babbitt*, 442 U.S. at 298-299. Even if Plaintiffs had alleged that D.A.

Boston *could* or *might* enforce H.B. 481 against them at some point in the future,

any such threat would be purely "hypothetical" and "conjectural" (not "actual and

imminent"), directly contrary to her public disavowals, and insufficient to imbue

Plaintiffs with standing. *Lujan*, 504 U.S. at 561; *see also Bowen v. First Family Fin.

Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (observing that a "perhaps or

maybe chance" of an injury occurring is not enough for standing).[3]

This Court should not reject a century of standing jurisprudence to authorize

a wholly manufactured dispute between Plaintiffs and D.A. Boston. *See Sanger v.

Reno*, 966 F. Supp. 151, 162 (E.D.N.Y. 1997) ("Prudence and jurisprudence dictate

that the judiciary not create a controversy where none exist[s]."). This is especially

---

[3] Plaintiffs cannot demonstrate standing by arguing that D.A. Boston might change her position or that her political successors might not abide by her promises not to prosecute. Indeed, the "possibility of future enforcement need not be reduced to zero to defeat standing," *Mink*, 482 F.3d at 1255, and "it is not necessary for defendants in such cases to refute and eliminate all possible risk that the statute might be enforced" by someone else at some future date. *Winsness*, 433 F.3d at 733. To the contrary, "[i]t is the plaintiff's burden to demonstrate an 'actual or imminent, not conjectural or hypothetical' threat that the statute will be enforced against him." *Id.* That burden cannot be carried here.

true in this case, where "[t]he choice between prosecuting and not prosecuting" H.B. 481 in DeKalb County "is entirely within the discretion of" D.A. Boston, *id.*, and she has publicly, unequivocally, and repeatedly declared that her office will not charge anyone under H.B. 481. Plaintiffs have not shown (and cannot show) a "credible threat of prosecution" under H.B. 481 by D.A. Boston; accordingly, they lack standing to pursue -- and this Court lacks subject matter jurisdiction over -- their claims against her. Plaintiffs' Motion is thus due to be denied as to D.A. Boston, and this case ultimately dismissed against her.[4]

**B.     Plaintiffs Have Not Demonstrated, and Cannot Meet, the Requirements for Injunctive Relief Against D.A. Boston.**

Even if Plaintiffs had standing to pursue this action against D.A. Boston, they cannot satisfy the requirements for interlocutory injunctive relief against her. Indeed, their Motion makes no effort even to do so.

---

[4] For the same reasons that Plaintiffs cannot satisfy the injury in fact requirement, they also cannot establish the *causation* element of standing with respect to their claims against D.A. Boston. Plaintiffs have not alleged that D.A. Boston has taken or will take *any* action against them, much less any action that has caused or will cause them any harm, and the absence of any threat by D.A. Boston to enforce H.B. 481, combined with her vow not to prosecute individuals under it, prevents Plaintiffs from establishing a causal connection between any injury they may suffer and any action that has been or may be taken by D.A. Boston. *See Doe v. Pryor*, 344 F.3d 1282, 1285-1286 (11th Cir. 2003) (holding plaintiff failed to establish causation element of standing where Attorney General took no action to enforce statute against plaintiff, did not threaten to enforce statute against plaintiff, and conceded statute was unconstitutional).

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury if the injunction is not issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See McDonald's Corp. v. Robertson*, 147 F. 3d 1301, 1306 (11th Cir. 1998) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F. 2d 1535, 1537 (11th Cir. 1989)); *see also* Fed. R. Civ. P. 65.

"[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal citation omitted). Indeed, "its grant is the exception rather than the rule." *U.S. v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (citation omitted). And because it is an extreme remedy, any injunctive relief that is granted must "be narrowly tailored" and "limited in scope to the extent necessary to protect the interests of the parties." *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1323 (11th Cir. 2010); *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003).

4845-9247-3504.4

### 1. Plaintiffs Do Not Have a Substantial Likelihood of Prevailing on the Merits of Their Claims Against D.A. Boston.

D.A. Boston believes H.B. 481 is unconstitutional under existing Supreme Court precedent and that Plaintiffs should succeed in having it declared unconstitutional, but Plaintiffs are nevertheless unlikely to prevail on their claims against D.A. Boston for at least three reasons.

*First*, as discussed above, Plaintiffs do not have standing to pursue their claims against D.A. Boston and, thus, they have *no likelihood* of prevailing on those claims. Indeed, Plaintiffs' claims against D.A. Boston are due to be dismissed.

*Second*, for the same reasons that Plaintiffs do not have standing to pursue their injunction claims against D.A. Boston, they cannot prevail on their claim for declaratory judgment against her. In all cases seeking a declaratory judgment, "the threshold question is whether a justiciable controversy exists," *i.e.*, whether "there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). As explained above, *supra* at § III.A, there is no such controversy or adverse legal interests between Plaintiffs and D.A. Boston given her repeated vow not to prosecute anyone under it. Where, as here, there is no justiciable controversy between them

and D.A. Boston, Plaintiffs are not entitled to what would be an advisory opinion from this Court. *See Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 735 (11th Cir. 2018) (recognizing federal courts "do not have the power to 'advise' potential parties about the lawfulness of potential actions that have not and may never occur").

*Third*, all of Plaintiffs' claims against D.A. Boston are barred by the Eleventh Amendment to the U.S. Constitution and the immunity it affords her office. The Eleventh Amendment bars suits by private citizens against a state and its individual officers in federal court, irrespective of the nature of the relief that is sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created an exception to this Eleventh Amendment immunity to allow "suits against state officials for the purpose of enjoining the enforcement of an unconstitutional state statute." *Okpalobi*, 244 F.3d at 411. However, as *Young* and its progeny make clear, that exception only applies to state officials who are "clothed with some duty in regard to the enforcement of the laws of the state, *and who threaten and are about to commence proceedings*, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act." *Young*, 209 U.S. at 155-156 (emphasis added); *see also Okpalobi*, 244 F.3d at 414-415; *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1414-1415 (6th Cir. 1996).

4845-9247-3504.4

"The requirement that there be some actual or threatened enforcement action before *Young* applies has been repeatedly applied by the federal courts." *Okpalobi*, 244 F.3d at 415; *see also Children's Healthcare*, 92 F.3d at 1415-1416 ("*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional statute"); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (stating, under *Young*, "there must be a threat of enforcement" of allegedly unconstitutional statute by the official sued in order to avoid Eleventh Amendment immunity, and finding claim barred by the Eleventh Amendment where there was no threat by Attorney General to enforce the statute); *Kelley v. Metro. Cnty. Bd. of Educ.*, 836 F. 2d 986, 990-991 (6th Cir. 1987) (declining to apply *Young* when defendants were not threatening to enforce any unconstitutional act). Because D.A. Boston has not enforced or even threatened to enforce H.B. 481 against any of the Plaintiffs, she thus enjoys Eleventh Amendment immunity from Plaintiffs' claims.

Each of these reasons independently demonstrates that Plaintiffs are not likely to prevail on their claims against D.A. Boston; but all of them taken together make clear those claims fail as a matter of law and should be dismissed.

4845-9247-3504.4

## 2. Plaintiffs Cannot Show They Will Be Irreparably Harmed If an Injunction Is Not Issued Against D.A. Boston.

"A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176-1177. Even if Plaintiffs could show a likelihood of success on the merits of their claims against D.A. Boston (and they cannot), "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Id.*; *see also Snook v. Trust Co. of Ga. Bank of Savannah*, 909 F.2d 480, 486 (11th Cir. 1990) (affirming denial of preliminary injunction even though plaintiff proved likelihood of prevailing because plaintiff failed to prove irreparable injury); *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (reversing preliminary injunction based solely on plaintiff's failure to show irreparable injury).

The Eleventh Circuit has "on many occasions" made clear that the irreparable injury necessary to support a preliminary injunction "must be neither remote nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176 (citation omitted); *see also Bruce v. Reese*, 431 F. App'x 805, 807 (11th Cir. 2011) ("An injunction is an extraordinary remedy and the threatened injury the movant will suffer must be neither remote nor speculative, but actual and imminent.") (citation omitted). Plaintiffs cannot show that they will suffer any injury, much less an actual,

imminent, and irreparable injury, if D.A. Boston is not enjoined from enforcing H.B. 481 when she has already unequivocally stated that she will not do so.

Moreover, Plaintiffs will not suffer *any* harm whatsoever if the requested injunction is denied as to D.A. Boston because they can obtain complete relief from the other defendants with whom, unlike D.A. Boston, they have a bona fide case or controversy. Plaintiffs have not challenged the application of H.B. 481 to them by D.A. Boston, but have instead asserted a facial challenge to the constitutionality of the law. *See Kentner v. City of Sanibel*, 750 F.3d 1274, 1280 (11th Cir. 2014) (recognizing distinction between a facial challenge, which challenges a law "on its face," and an as-applied challenge, which contests "a specific . . . decision made under the auspices of" the law).

Even if the Court agrees -- as D.A. Boston does -- that H.B. 481 is facially unconstitutional, the proper way for Plaintiffs to obtain such a ruling is through a declaratory judgment against a bona fide defendant, not an injunction against a strawman district attorney. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113, 166 (1973) (affirming declaratory judgment but declining to consider claim for injunctive relief against district attorney). Again, Plaintiffs can obtain that relief through a declaratory judgment against the defendants who have not disavowed an intent to enforce H.B. 481 and with whom Plaintiffs have a live controversy; there is no need

-17-

for an injunction to be entered against D.A. Boston and, indeed, no legitimate basis for D.A. Boston to have been named a party to this action. *See Scott v. Taylor*, 405 F.3d 1251, 1256-1257 (11th Cir. 2005) (instructing district court to dismiss all claims against individual state legislators and rejecting plaintiff's argument that such dismissal would leave her without recourse, noting that plaintiff "will still be able to obtain all of the relief she seeks" by pursuing her claims for injunctive relief and declaratory judgment against the other defendant); *United States v. Ramsey*, 331 F.2d 824, 826 (5th Cir. 1964) ("Inasmuch as full and complete relief can be afforded here without enjoining the State, we hold that the court below was correct in its dismissal of the State as a party.").[5]

---

[5] Plaintiffs' claim for declaratory relief can and should be resolved before H.B. 481's effective date and, thus, there is no harm to Plaintiffs that requires this Court to issue an injunction. Even in the unlikely event H.B. 481 is not declared unconstitutional before its effective date and one of the Plaintiffs is subsequently charged with a violation of that law, the harm to Plaintiffs would not be "irreparable" because such Plaintiff would be entitled to assert the unconstitutionality of H.B. 481 as a defense in the criminal proceeding. *See, e.g.*, *Ramey v. Ga.*, No. 4:10-CV-06CDL, 2010 WL 786806, at *6 (M.D. Ga. Mar. 5, 2010) (dismissing claim for injunctive relief that sought to enjoin state court prosecution on the grounds that criminal statute was unconstitutional, noting "Plaintiff will have an adequate opportunity to raise his constitutional challenges in the underlying criminal proceedings") (citing *Younger*, 401 U.S. at 45 ("The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.")).

### 3. The Balancing of the Equities Does Not Justify Enjoining D.A. Boston.

In one, short paragraph, Plaintiffs conclude that "Defendants will suffer no injury whatsoever" if an injunction is entered and that "the equities tip sharply in favor of granting a preliminary injunction." (Dkt. 24-1 at p. 22.) Plaintiffs' conclusory assertions are incorrect, at least with respect to D.A. Boston.

Granting the injunction sought by Plaintiffs against D.A. Boston requires this Court to enjoin enforcement of a state law by a state prosecutor, a remarkable interference with established principles "of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). That is not an insignificant component of our federalist system, and it generally dictates that federal courts should abstain from enjoining a state court action. *See O'Shea v. Littleton*, 414 U.S. 488, 499 (1974) (recognizing that "principles of equity, comity, and federalism" are important factors precluding an injunction by a federal court restraining state court proceedings); *McKusick v. City of Melbourne, Fla.*, 96 F.3d 478, 488-489 (11th Cir. 1996) (holding that "principles of federalism and comity dictate[d]" that federal court refuse to enter injunction

sought by plaintiff). It should not be discarded by the federal courts lightly, let alone unnecessarily.

Indeed, the Supreme Court has frequently cautioned federal courts not to enjoin state officers from enforcing criminal laws or instituting criminal actions, except "when absolutely necessary for protection of constitutional rights" and, *even then*, only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. "Ordinarily, there should be no interference with such officers" by the federal courts because state officers "are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done." *Id.*; *see also Dombrowski v. Pfister*, 380 U.S. 479, 484-485 (1965) ("The Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework.").

In cases like this one, the Supreme Court could hardly have been clearer that "[f]ederal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, *even if such statutes are unconstitutional*." *Younger*, 401 U.S. at 46 (emphasis added); *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d at 1285 (stating "preliminary injunctions of legislative enactments—because they

interfere with the democratic process and lack the safeguards against abuse or error that come with a full trial on the merits—must be granted reluctantly and only upon a clear showing that the injunction before trial is definitely demanded by the Constitution and by the other strict legal and equitable principles that restrain courts"). These principles "have been repeatedly followed and reaffirmed in other cases involving threatened prosecutions," *Younger*, 401 U.S. at 45 (citing cases), and they instruct against entering an injunction against D.A. Boston because: (1) there are no "extraordinary circumstances" or "great and immediate" threats of irreparable harm that would warrant entering an injunction against her; and (2) such an injunction is not "absolutely necessary" to protect Plaintiffs' constitutional rights, particularly when Plaintiffs can vindicate their constitutional rights by pursuing their declaratory judgment claim against proper defendants.

The injunction sought by Plaintiffs also improperly, and unnecessarily, invades the independence and prosecutorial discretion of the District Attorney's office. This principle, too, should not be interfered with by federal courts unnecessarily. Even though she has made clear that she has no intention of prosecuting anyone under H.B. 481, an injunction preemptively forbidding D.A. Boston's office from prosecuting individuals under a statute that has not yet been declared unconstitutional would unnecessarily bring this Court into conflict with

well-settled Georgia law recognizing the wide discretion prosecutors enjoy to decide who to prosecute, what charges to bring, and when to do so. *See Mayo v. Head*, 280 Ga. 793, 793 (2006) ("Prosecuting officials [] are vested with broad discretion in determining whether to prosecute a particular case."); *Stephens v. State*, 265 Ga. 356, 359 (1995) (recognizing that "it is important that [district attorneys] be able to exercise their discretion in determining who to prosecute [and] what charges to bring"); *State v. Hanson,* 249 Ga. 739, 742-743 (1982) ("From the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute."). This case offers no reason this Court needs to risk degrading the integrity and independence of the District Attorney's office and eroding the public's trust and confidence in their elected officials, and the Court should decline Plaintiffs' invitation to do so.

Further, while these considerations undoubtedly should preclude entering an injunction *against D.A. Boston*, the Court does not need to enter *any* injunction at this point of the litigation (and it may never need to do so) because H.B. 481 does not take effect for another four months. If Plaintiffs pursue their claim for declaratory judgment with alacrity, they should be able to obtain all the relief they seek before the law becomes effective, and without requiring the Court to wade into thorny doctrines of standing, judicial comity, and prosecutorial discretion. Indeed,

in historical litigation regarding the constitutionality of abortion statutes, the Supreme Court has repeatedly held that declaratory judgment is all that is necessary to provide full relief. *E.g.*, *Roe v. Wade*, 410 U.S. 113, 166 (1973) (affirming declaratory judgment, but finding it "unnecessary" to address denial of injunctive relief, "for we assume the Texas prosecutorial authorities will give full credence to this decision that the present criminal abortion statutes of that State are unconstitutional"); *Doe v. Bolton*, 410 U.S. 179, 201 (1973) (affirming declaratory relief but declining to address denial of injunctive relief because "[w]e assume that Georgia's prosecutorial authorities will give full recognition to the [declaratory] judgment of this Court").

D.A. Boston agrees that the H.B. 481 does not comport with the existing Supreme Court precedent that she is duty-bound to follow, and she remains committed to her promise not to prosecute individuals under H.B. 481. The equities thus demand that the requested injunction against D.A. Boston be denied.

## IV.  **CONCLUSION**

Issuing an injunction is an extraordinary and drastic remedy in any circumstance, but it is especially so when, as here, a federal court is asked to enjoin a state officer from exercising her prosecutorial discretion to enforce (or not enforce) a law that has not yet been determined to be unconstitutional. Because Plaintiffs

4845-9247-3504.4

have not satisfied the requirements for such extreme relief against D.A. Boston, much less shown that they have standing to assert a claim against her, D.A. Boston respectfully submits that Plaintiffs' Motion should be denied.

Respectfully submitted this 16th day of August, 2019.

/s/ *S. Derek Bauer*
S. Derek Bauer
Georgia Bar No. 042537
dbauer@bakerlaw.com
Ian K. Byrnside
Georgia Bar No. 167521
ibyrnside@bakerlaw.com
Jacqueline T. Menk
Georgia Bar No. 728365
jmenk@bakerlaw.com

BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendant Sherry Boston,*
*District Attorney for the Stone Mountain*
*Judicial Circuit, in her official capacity*

4845-9247-3504.4

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

Dated:  August 16, 2019

/s/ *S. Derek Bauer*
S. Derek Bauer
Georgia Bar No. 042537

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **DEFENDANT SHERRY BOSTON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 16th day of August, 2019.

/s/ *S. Derek Bauer*
S. Derek Bauer
Georgia Bar No. 042537