IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE, on behalf of itself and its members, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, et al.<br><br>*Defendants*. | No. 1:19-cv-02973-SCJ |

## ANSWER

Defendants Brian Kemp, Christopher M. Carr, Kathleen Toomey, the Members of the Georgia Composite Medical Board, LaSharn Hughes, Julia Slater, Daniel Porter, and Meg Heap (all sued in their official capacities) respectfully submit this Answer as a responsive pleading pursuant to Federal Rule of Civil Procedure 12.

## INTRODUCTION

1.      Defendants admit that this action is a constitutional challenge to House Bill 481 ("H.B. 481"), the text of which speaks for itself. Defendants deny all allegations in the complaint that killing a living unborn child constitutes "medical care" or "health care." Otherwise denied.

1

2.      The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4.      Admitted.

5.      Denied.

6.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

7.      Admitted.

8.      Admitted.

9.      Admitted.

## PLAINTIFFS

10.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

11.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

12.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

13.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

14.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

15.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

16.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

17.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

18.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

19.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

20.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

21.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, the allegations are denied.

## DEFENDANTS

22.     Admitted that Brian Kemp is the Governor of the State of Georgia and is sued in his official capacity. The legal authorities cited in this paragraph speak for themselves.

23.     Admitted that Christopher Carr is the Attorney General of the State of Georgia and is sued in his official capacity. The legal authorities cited in this paragraph speak for themselves.

24.     Admitted that Kathleen Toomey is the Commissioner for Georgia's Department of Public Health and is sued in her official capacity. The legal authorities cited in this paragraph speak for themselves.

25.     Admitted that the named individuals are the Members of the Georgia Composite Medical Board and are sued in their official capacities. The legal authorities cited in this paragraph speak for themselves.

26.     Admitted that LaSharn Hughes is the Executive Director of the Georgia Composite Medical Board and is sued in her official capacity. The legal authorities cited in this paragraph speak for themselves.

27.     The legal authorities cited in this paragraph speak for themselves.

28.     Mr. Howard is not a party to this pleading and therefore no response is required to this paragraph.

29.     Ms. Boston is not a party to this pleading and therefore no response is required to this paragraph.

30.     Admitted that Ms. Slater is the District Attorney for the Chattahoochee Judicial Circuit and is sued in her official capacity. Otherwise denied for lack of knowledge.

31.     Mr. Melvin is not a party to this pleading and therefore no response is required to this paragraph.

32.     Admitted that Mr. Porter is the District Attorney for the Gwinnett Judicial Circuit and is sued in his official capacity. Otherwise denied for lack of knowledge.

33.     Admitted that Ms. Heap is the District Attorney for the Eastern Judicial Circuit and is sued in her official capacity. Otherwise denied for lack of knowledge.

## STATUTORY FRAMEWORK

34.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

35.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

36.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

37.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

38.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

39.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

40.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

41.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

42.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

43.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

44.     The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

## FACTUAL ALLEGATIONS

45.     Denied.

46.     The allegations in this paragraph, especially the generic references to "women" and "some women," are too vague and ambiguous to permit a response. To the extent a response is required, Defendants admit that women have varying motivations for seeking an abortion but otherwise deny the allegations in this paragraph.

47.     Defendants lack sufficient knowledge or information to admit or deny these allegations. The cited documents speak for themselves. Otherwise denied.

## Medical Background

48.     Admitted.

49.     Admitted.

50.     The generic reference to "ultrasound" in this paragraph is too ambiguous to permit a response as it does not refer to the specific type of ultrasound equipment being discussed. To the extent a response is required, the allegations in this paragraph are denied, as a fetal heartbeat may not be detectable until 9 weeks lmp or even as late as 12 weeks depending on the type of ultrasound equipment being used.

51.     Denied to the extent this paragraph suggests that the challenged legislation prohibits all abortions after six weeks lmp.

52.     The allegations in this paragraph, especially the generic references to "many women," are too vague and ambiguous to permit a

response. To the extent a response is required, denied. Further denied to the extent this paragraph suggests that the challenged legislation prohibits all abortions after six weeks lmp.

53.     Admitted that six weeks lmp is approximately two weeks after a missed period for women with regular four-week cycles. Otherwise denied. Further denied to the extent this paragraph suggests that the challenged legislation prohibits all abortions after six weeks lmp.

54.     Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, denied. Further denied to the extent this paragraph suggests that the challenged legislation prohibits all abortions after six weeks lmp.

55.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

56.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied. Further denied to the extent this paragraph suggests that the challenged legislation prohibits all abortions after six weeks lmp.

57.     The cited documents speak for themselves. To the extent a response is required, denied.

58.     The cited documents speak for themselves. To the extent a response is required, denied.

59.   The cited documents speak for themselves. To the extent a response is required, denied.

## Impact of H.B. 481

60.   This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

61.   Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, denied.

62.   Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, denied.

63.   The paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

64.   The cited authority speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, denied.

65.   The cited authority speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, denied.

66.   The cited authority speaks for itself. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

67.    The cited authorities speak for themselves. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

68.    The cited authority speaks for itself. This paragraph also contains legal conclusions to which no response is required. Otherwise denied.

69.    Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, denied.

70.    Defendants lack sufficient knowledge or information to admit or deny these allegations. To the extent a response is required, denied.

71.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

## CLAIMS FOR RELIEF

### COUNT I
### (SUBSTANTIVE DUE PROCESS / PRIVACY AND LIBERTY)

72.    Defendants incorporate all of their responses to the preceding paragraphs.

73.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

74.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT II
### (Due Process / Vagueness)

75.    Defendants incorporate all of their responses to the preceding paragraphs.

76.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

77.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

78.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

79.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

## REQUEST FOR RELIEF

80.    Denied that Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    H.B. 481 is constitutional and justified based on one or more of the following: the State's interests in protecting the life of the unborn; promoting respect for life at all stages of pregnancy; protecting maternal health and safety; and safeguarding the ethics and integrity of the medical profession.

3.     Some or all of Plaintiffs' claims should be dismissed on grounds of standing, mootness, or ripeness.

4.     Some or all of Plaintiffs' claims are barred by sovereign immunity.

5.     To the extent any specific provisions of the Act are found unconstitutional, the remaining provisions are severable.

6.     Defendants affirmatively assert generally all defenses to which they are or may be entitled under 42 U.S.C. § 1983 and FRCP 8(c) and 12(b).

7.     Defendants reserve the right to identify additional affirmative defenses as discovery in this case proceeds.

WHEREFORE, Defendants request dismissal of this action in its entirety, together with any other relief as the Court deems equitable and just.

Respectfully submitted,

Dated:        August 19, 2019

/s/ *Andrew A. Pinson*

Jeffrey M. Harris (*pro hac vice*)                  Christopher M. Carr
Steven C. Begakis (*pro hac vice* pending)          *Attorney General of Georgia*
CONSOVOY MCCARTHY PLLC                               Andrew A. Pinson (Bar #584719)
1600 Wilson Boulevard, Suite 700                      *Solicitor General*
Arlington, VA 22209                                 Georgia Department of Law
(703) 243-9423                                      40 Capitol Square SW
                                                    Atlanta, GA 30334
                                                    (404) 651-9453

Patrick Strawbridge (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South, PMB #706
Boston, MA 02109
(617) 227-0548

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this brief uses 13-point Century Schoolbook in compliance with Local Rule 5.1(B).

<u>/s/ *Andrew A. Pinson*</u>
Andrew A. Pinson

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system on August 19, 2019, thereby serving all counsel of record.

/s/ *Andrew A. Pinson*
Andrew A. Pinson