# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE *et al.*,

      Plaintiffs,

vs.

BRIAN KEMP *et al.*,


      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 1:19-cv-02973-SCJ


## PLAINTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANT SHERRY BOSTON'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

# INTRODUCTION

Plaintiffs[1] here reply to the opposition brief of Defendant Sherry Boston, District Attorney for the Stone Mountain Judicial Circuit ("Defendant"). Defendant's opposition brief, Def. Sherry Boston's Resp. Opp'n Pls.' Mot. Prelim. Inj. ("Def. Boston's Br."), ECF No. 71, argues that based on nonbinding statements she made to the media in May 2019, "Plaintiffs understood before they sued her office" that they could freely violate a felony statute, with a guarantee that they would not face prosecution. Def. Boston's Br. at 4. For that reason, Defendant argues, there was "no legitimate basis for D.A. Boston to have been named a party to this action." *Id*. at 18. But controlling Eleventh Circuit precedent precludes that argument: nonbinding media statements are not a legal defense against criminal prosecution and do not prevent a prosecutor or her successor from reversing course.

As explained below: 1) Plaintiffs have standing because Defendant's nonbinding statements do not remove the credible threat of prosecution; 2) the *Ex*

---

[1] "Plaintiffs" here means Plaintiffs providing care in Defendant Boston's jurisdiction: Feminist Women's Health Center, Planned Parenthood Southeast, and Drs. Cwiak and Haddad.

*Parte Young* exception to Eleventh Amendment immunity applies because Plaintiffs seek prospective injunctive relief; and 3) the preliminary injunction factors tilt decidedly in Plaintiffs' favor. This Court should thus grant Plaintiffs' motion to preliminarily enjoin all Defendants from enforcing the Act.

## ARGUMENT

## I.   PLAINTIFFS HAVE STANDING BECAUSE THEY FACE A CREDIBLE THREAT OF PROSECUTION.

Plaintiffs have standing and will suffer an "injury in fact" because they engage in conduct that will undisputedly be criminal under H.B. 481,[2] which Defendant has the power to enforce. Defendant's nonbinding statements to reporters do not eliminate the credible threat of prosecution, or the resulting case or controversy.

A plaintiff has standing to bring a pre-enforcement challenge when there is a "realistic danger of sustaining direct injury as a result of the statute's operation or enforcement." *Ga. Latino All. for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257 (11th Cir. 2012) (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1245 (11th Cir. 1998)). While a plaintiff's fear of prosecution cannot be

---

[2] H.B. 481 is Exhibit A to the Verified Complaint, ECF No. 1 ("Compl.").

"imaginary or speculative," it is "unnecessary for a plaintiff to 'expose himself to actual arrest or prosecution' to challenge a statute," *id.* at 1258 (quoting *Younger v. Harris*, 401 U.S. 37, 42 (1971), then quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Indeed, the Eleventh Circuit has described the "credible threat of prosecution" standard as "quite forgiving," and as met when a plaintiff "has alleged an intention to engage in a course of conduct . . . proscribed by a statute." *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1304, 1305 (11th Cir. 2017) (en banc) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160 (2014)). That Plaintiffs engage in conduct that violates a recently-passed law is "sufficient" to establish injury. *Ga. Latino All.*, 691 F.3d at 1259; *see also e.g. Doe v. Bolton*, 410 U.S. 179, 188 (1973) (Because "[t]he physician is the one against whom" the challenged abortion bans "directly operate," there is "sufficient[] . . . threat," and plaintiff "should not be required to await and undergo a criminal prosecution.").

Defendant argues that her nonbinding statements to reporters in May 2019 remove the credible threat of prosecution. Def. Boston's Br. at 3–4 & n.1, 8–11 (listing media statements from May 2019). Under controlling Eleventh Circuit precedent, that is wrong for several reasons.

3

First, a prosecutor's nonbinding media statement fails to remove the credible threat of prosecution because the statement is not a cognizable defense to criminal prosecution, and Defendant cites no Georgia case suggesting otherwise. *See Wollschlaeger*, 848 F.3d at 1306 (defendant's letter of disavowal "does not offer much solace" because defendant "has not engaged in any formal (i.e., binding) rulemaking" or issued any binding "declaratory statement" under statutory procedures); *Am. Civil Liberties Union v. Fla. Bar* ("*ACLU*"), 999 F.2d 1486, 1493–94 (11th Cir. 1993) (threat of prosecution continues to exist since "neither [defendant] is bound by its court statements"); *id.* at 1495 (noting "non-binding nature of [defendants'] statements"); *see also N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 710–12 (4th Cir. 1999) (defendant's "litigation position" insufficient absent promulgation of formal rule).[3] A nonbinding press statement has no "legal

---

[3] Georgia precedent limits the circumstances in which a prosecutor's promise can be binding, and those circumstances do not exist here. *See State v. Hanson,* 295 S.E.2d 297, 302 (Ga. 1982) ("[W]hile the prosecutor has, with court approval, the power to promise to forgo prosecution, this promise must be limited to prosecution as to specific crimes or transactions. Therefore, a valid promise to forgo prosecution . . . must, first, contain a description of the crimes or transactions in regard to which an individual is excused from prosecution. Secondly, the prosecutor must obtain court approval of an agreement to forgo prosecutions.").

force." *Bryant v. Woodall*, 363 F. Supp. 3d 611, 623 (M.D.N.C. 2019), *appeal docketed*, No. 19-1685 (4th Cir. June 26, 2019).

Second, nonbinding statements fail to remove the credible threat of prosecution because they do not prevent a prosecutor from later changing her mind pursuant to prosecutorial discretion—the very discretion that Defendant emphasizes she must retain. *See* Def. Boston's Br. at 22–23; *see also ACLU*, 999 F.2d at 1494 (disavowal was immaterial "[i]nsofar as the [defendant] has the discretion to change its policy regarding the interpretation and enforcement of" the challenged rule); *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 762 (11th Cir. 1991) (disavowal does not defeat standing where "[a]ll that remained between the plaintiff and the impending harm was the defendant's discretionary decision—which could be changed—to withhold prosecution" (citing *Solomon v. City of Gainesville*, 763 F.2d 1212 (11th Cir. 1985) (plaintiff had standing despite the fact that city commission had "instructed its City Manager to discontinue any and all prosecutorial action now and in the future with regard to" plaintiff's actions))); *cf. Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1339–40 (11th Cir. 1999) (in Eleventh Amendment context, noting that even where Attorney General confirmed in writing that he would enforce an

5

abortion method ban only post-viability, he could later "withdraw the enforcement directive and prosecute [such abortions] pre-viability").[4]

Third, a prosecutor's public statements fail to remove the credible threat of prosecution because such statements do not bind successors in office. *See Socialist Workers Party*, 145 F.3d at 1246 (finding that despite defendants' "disavowal of their authority to enforce," a successor could "attempt to apply the" challenged law to plaintiffs); *ACLU*, 999 F.2d at 1494 ("change in membership" of defendant commission "could result in a change in . . . policy regarding the interpretation and enforcement of" challenged rule). The Supreme Court has recognized this threat in

---

[4] Other courts have similarly found assurances insufficient when defendants have discretion to change their mind. *See, e.g.*, *Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379, 388, 390 (4th Cir. 2001) (defendant's "nonbinding assurances that [plaintiff] would not be prosecuted did not overcome the presumption of a credible fear of prosecution," because defendant members "might change their minds"), *overruled on other grounds*, *Real Truth About Abortion, Inc. v. FEC*, 681 F.3d 544 (4th Cir. 2012); *Chamber of Commerce v. FEC*, 69 F.3d 600, 603 (D.C. Cir. 1995) (credible threat of prosecution remained because nothing "prevents the [defendant] Commission from enforcing its rule at any time with, perhaps, another change of mind of one of the Commissioners"); *Bryant*, 363 F. Supp. 3d at 624 ("an isolated statement or message subject to the changing whims of individual government officials and without force to bind successors does little to address the fear that one might be prosecuted under the statute tomorrow, were those officials to change course.").

the abortion context. *See Stenberg v. Carhart*, 530 U.S. 914, 945 (2000)

(notwithstanding Attorney General's narrowing construction of an abortion method

ban as reaching only a rarely used variant, "future Attorneys General may choose

to pursue physicians who use" the common abortion method, and who therefore

"must fear prosecution, conviction, and imprisonment.").[5]

Defendant relies primarily on a trio of Tenth Circuit cases to suggest that

any kind of nonbinding prosecutorial disavowal automatically defeats standing—

but to no avail. Def. Boston's Br. at 7–9. As explained above, Defendant's

proposed rule conflicts with Eleventh Circuit precedent.[6] Moreover, not one of

those Tenth Circuit cases involved a disavowal as flimsy as a generic press

---

[5] The fear of prosecution is particularly strong here given that the Act was so recently passed. *See Wollschlaeger*, 848 F.3d at 1305 (noting law "was challenged soon after it was enacted" and finding standing despite nonbinding disavowal); *Harrell v. Fla. Bar*, 608 F.3d 1241, 1257 (11th Cir. 2010) ("If a challenged law or rule was recently enacted . . . an intent to enforce the rule may be inferred."); *Doe v. Bolton*, 410 U.S. at 188 (plaintiffs had standing to challenge Georgia abortion statute that was "recent and not moribund").

[6] The Tenth Circuit seems to apply an unusual standard. *See, e.g., Bryant*, 363 F. Supp. 3d at 625 ("[T]his court notes three cases from the Tenth Circuit finding that an official disavowal negates the credible threat of enforcement even when it does not entirely eliminate the possibility of prosecution . . . . However, this approach appears to be unique to the Tenth Circuit.").

statement. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (no standing where prosecutor entered "No File" decision specifically with respect to plaintiff's conduct); *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006) (same where defendant disavowed prosecution in sworn affidavit); *D.L.S. v. Utah*, 374 F.3d 971, 975 (10th Cir. 2004) (same). The other decisions Defendant cites, *see* Def. Boston's Br. at 8–9, 11 n.4, are equally distinguishable.[7]

In sum, Defendant's nonbinding media statements have no legal force and do not defeat standing. The case or controversy between Plaintiffs and Defendant is very much live.[8]

---

[7] In *Doe v. Pryor*, 344 F.3d 1282, 1285 (11th Cir. 2003), the defendant Attorney General had no power to enforce the challenged statute; Defendant does here. In *Poe v. Ullman*, 367 U.S. 497, 501 (1961) (plurality op.), the criminal law had been on the books and unenforced for over 80 years; H.B. 481 was just passed. In *McCormack v. Hiedeman*, 694 F.3d 1004, 1024 (9th Cir. 2012), it was unclear whether plaintiff intended to engage in criminal conduct and the challenged law "explicitly exclude[d]" plaintiff from criminal liability; here, Plaintiffs' actions would be criminal. In *Harmon v. City of Kan. City*, 197 F.3d 321, 327 (8th Cir. 1999), the plaintiff's conduct was "not prohibited" by the challenged law; here, Plaintiffs' conduct is.

[8] Plaintiffs are quite willing to dismiss Defendant without prejudice pursuant to an order that she be bound by any relief granted in this case. The plaintiffs and certain defendants in the ongoing challenge to Alabama's abortion ban entered into such an agreement and made a joint motion to dismiss, which the court granted. *See*

*. . . footnote continues on next page*

## II.   PLAINTIFFS MAY SUE DEFENDANT UNDER *EX PARTE YOUNG* BECAUSE THEY SEEK PROSPECTIVE RELIEF.

Plaintiffs may sue Defendant in her official capacity under the *Ex parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity because their conduct will unquestionably violate H.B. 481 and they seek prospective relief. As the Supreme Court has explained, "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of . . . law and seeks relief properly characterized as prospective.'" *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1996)); *see also Curling v. Sec'y of Ga.*, 761 F. App'x 927, 931 (11th Cir. 2019) (applying standard). The *Ex parte Young* exception applies here because the Verified Complaint, ECF No. 1, alleges that Plaintiffs' conduct will violate H.B. 481 and they seek prospective relief.

---

Order Granting Joint Motion to Dismiss, *Robinson v. Marshall*, No. 2:19cv365-MHT (wo) (M.D. Ala. June 7, 2019), ECF No. 44.

Defendant relies on various out-of-circuit decisions predating the Supreme Court's decision in *Verizon*, arguing that "[b]ecause D.A. Boston has not enforced or even threatened to enforce H.B. 481 against any of the Plaintiffs, she thus enjoys Eleventh Amendment immunity." Def. Boston's Br. at 15. But *Verizon* contains no such requirement, and the Eleventh Circuit has rejected this argument. In *Summit Medical Associates, P.C.*, the defendants made the near-identical argument that "*Young* does not apply when a defendant state official has neither enforced no[r] threatened to enforce the allegedly unconstitutional state [abortion] statute." 180 F.3d at 1340 n.11. Rejecting this proposition, the Eleventh Circuit held that the only inquiry is whether the defendant had the "authority to enforce the statutes." *Id.*; *see also id.* at 1338–40 (discussing at length why *Ex parte Young* does not require specifically threatened prosecution). The *Ex parte Young* exception to Eleventh Amendment immunity applies here because Defendant Boston has authority to enforce H.B. 481.

## III.   THE PRELIMINARY INJUNCTION FACTORS TILT DECIDEDLY IN PLAINTIFFS' FAVOR.

All four preliminary injunction factors tilt in Plaintiffs' favor.

First, Plaintiffs are likely to succeed on the merits because H.B. 481 is unconstitutional. *See* Pls.' Mem. Supp. Their Mot. Prelim. Inj. Relief ("Pls.'

Opening Br.") at 10–18, ECF No. 24. Defendant points to standing and Eleventh-Amendment immunity in her discussion of the merits, Def. Boston's Br. at 13–15; Plaintiffs addressed those issues above, *see supra* Parts I–II.

Second, there is a likelihood of imminent and irreparable harm because, as Defendant does not dispute, under H.B. 481, Plaintiffs' patients will suffer deprivations of their constitutional privacy rights and harm to their health, dignity, and autonomy. *See* Pls.' Opening Br. at 19–21. Such threats mandate a finding of irreparable harm. *Id.* at 18. Plaintiffs also face a credible threat of prosecution which can result in incarceration even before trial and imprisonment for ten years. *See United States v. Bogle*, 855 F.2d 707, 710–11 (11th Cir. 1988) ("unnecessary deprivation of liberty clearly constitutes irreparable harm"). And Defendant does not dispute the irreparable harm that vague laws such as H.B. 481 cause, *see* Pls.' Opening Br. at 18; indeed, Defendant herself has noted the Act's "ambiguity," Def. Boston's Br. at 4.

Third, the balance of equities tilts strongly in Plaintiffs' favor. On the one hand, Plaintiffs face a credible threat of prosecution. *See supra* Part I. On the other hand, Defendant will suffer no legally cognizable harm if she is enjoined from enforcing H.B. 481 because prosecutors lack discretion to violate the Constitution.

For that reason, any reliance on comity and federalism concerns is a red herring. Defendant nonetheless makes the troubling suggestion that under *Younger v. Harris*, 401 U.S. 37 (1971), federalism principles require women and doctors to suffer prosecution before challenging H.B. 481. Def. Boston's Br. at 18 n.5, 19–21. But *Younger* applies only to the unique interests raised in *ongoing* state prosecutions. 401 U.S. at 41. As the Eleventh Circuit has explained, *Younger* counsels in favor of federal injunctive relief *before* state prosecution—exactly the relief Plaintiffs seek—because it is unconscionable to force people to become criminals before they can challenge an unconstitutional law. *Summit,* 180 F.3d at 1338–40.[9]

Last, Defendant does not dispute that the public interest weighs in favor of an injunction.

*   *   *

---

[9] Defendant's citations are not to the contrary. *See* Def. Boston's Br. at 19–20. *O'Shea v. Littleton*, 414 U.S. 488, 499–500 (1974), concerned a federal injunction that would micromanage state criminal proceedings, not a pre-prosecution challenge. *McKusick v. City of Melbourne*, 96 F.3d 478, 487–489 (11th Cir. 1996), involved a bizarre request for a federal court injunction to enforce an existing state court injunction, raising unique federalism concerns not present here.

While Defendant insists that Plaintiffs can obtain declaratory relief against other Defendants[10] before January 2020, it is for this Court to determine the schedule on which it will rule.[11] In any event, injunctive relief against unconstitutional abortion laws is entirely appropriate and routine, *see, e.g.*, *Stenberg*, 530 U.S. at 946 (upholding injunction), Pls.' Opening Br. at 12–13 (citing cases), and Plaintiffs have pursued a preliminary injunction with alacrity to ensure relief well before January 2020.

## CONCLUSION

For the reasons stated above and in Plaintiffs' opening brief, this Court should grant Plaintiffs' motion to preliminarily enjoin all Defendants from enforcing the Act.

---

[10] Again, Defendant's citations are inapposite. *See* Def. Boston's Br. at 18. Whereas Defendant has the power to enforce the Act, the court in *Scott v. Taylor*, 405 F.3d 1251, 1257 (11th Cir. 2005), excused defendants because they had no power to enforce the challenged statute (and also had legislative immunity). In *United States v. Ramsey*, 331 F.2d 824, 826 (5th Cir. 1964), the plaintiff had named the state itself as a defendant, and the court excused the state from litigation because the plaintiffs had also sued state officers. Defendant Boston is a state officer, not the state itself.

[11] *See* Pls.' Reply Br. Resp.to Defs.' Opp'n Pls.' Mot. Prelim. Inj. at 14–15 (filed Sept. 13, 2019) (discussing schedule).

Respectfully submitted this 13th day of September, 2019.

Susan Talcott Camp*
Elizabeth Watson*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
tcamp@aclu.org
ewatson@aclu.org

*Attorneys for Plaintiffs SisterSong, ACWC, AWMC, carafem, Summit, and Drs. Cwiak, Haddad and Lathrop*

Carrie Y. Flaxman*
PLANNED PARENTHOOD FEDERATION
OF AMERICA
1110 Vermont Avenue, NW
Suite 300
Washington, DC 20005
(202) 973-4800
carrie.flaxman@ppfa.org

Susan Lambiase*
PLANNED PARENTHOOD FEDERATION
OF AMERICA
123 William St., Floor 9
New York, NY 10038
(212) 541-7800 (phone)
(212) 247-6811 (fax)
susan.lambiase@ppfa.org

*Attorneys for PPSE*

**Sean Young**
Attorney Bar Number: 790399
Attorney for Plaintiffs
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: syoung@acluga.org

Julie Rikelman*
Emily Nestler*
Kirby Tyrrell*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3670 (phone)
(917) 637-3666 (fax)
jrikelman@reprorights.org
enestler@reprorights.org
ktyrrell@reprorights.org

*Attorneys for Plaintiffs Feminist and CWHO*

* Admitted pro hac vice

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to N.D. Ga. Local Civil Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with N.D. Ga. Local Civil Rule 5.1(C) in Times New Roman 14-point typeface.

**<u>Sean Young</u>**
Attorney Bar Number: 790399
Attorney for Plaintiffs
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: syoung@acluga.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which constitutes service on ECF registered users. N.D. Ga. Civil Local Rule 5.1(A)(3).

**<u>Sean Young</u>**

Attorney Bar Number: 790399
Attorney for Plaintiffs
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: syoung@acluga.org