**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SISTERSONG WOMEN OF COLOR ⟩
REPRODUCTIVE JUSTICE ⟩
COLLECTIVE *et al.*, ⟩
⟩
⟩
        Plaintiffs, ⟩        Civil Action No.: 1:19-cv-02973-SCJ
⟩
⟩
v. ⟩
⟩
⟩
BRIAN KEMP *et al.*, ⟩
⟩
⟩
⟩
        Defendants. ⟩
⟩
⟩

**Joint Preliminary Report and Discovery Plan**

1.      **Description of Case:**

    (a)      **Describe briefly the nature of this action.**

    This case challenges the constitutionality of H.B. 481, 155th Gen. Assemb., Reg. Sess. (Ga. 2019), the Living Infants Fairness and Equality Act ("H.B. 481" / the "LIFE Act"), enacted into law on May 7, 2019, and taking effect on January 1, 2020. H.B. 481 / the LIFE Act redefines "Natural Person" in the Georgia Code. Plaintiffs describe it as banning abortion at a pre-viability point in pregnancy; Defendants[1] describe it as restricting certain types of pre-viability abortions to pursue its interests in saving unborn life, protecting maternal health, safeguarding the integrity and ethics of the medical profession, and encouraging childbirth.

--------

[1] "Defendants" refers to all Defendants other than Defendant district attorneys Paul L. Howard, Jr. and Sherry Boston.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

See above.

**(c)     The legal issues to be tried are as follows:**

First, whether H.B. 481 / the LIFE Act is a proper exercise of Georgia's police powers or violates Georgians' right to privacy and liberty under the Fourteenth Amendment to the United States Constitution. Second, whether H.B. 481 / the LIFE Act is written with the minimum clarity that satisfies due process or is unconstitutionally vague under the Fourteenth Amendment to the United States Constitution.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:** None

**(2) Previously Adjudicated Related Cases:** None

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

_____  (1) Unusually large number of parties
_____  (2) Unusually large number of claims or defenses
_____  (3) Factual issues are exceptionally complex
_____  (4) Greater than normal volume of evidence
_____  (5) Extended discovery period is needed
_____  (6) Problems locating or preserving evidence
_____  (7) Pending parallel investigations or action by government
\_X\_\_\_  (8) Multiple use of experts – <u>Solely Defendants' designation</u>
_____  (9) Need for discovery outside United States boundaries
_____  (10) Existence of highly technical issues and proof
_____  (11) Unusually complex discovery of electronically stored information

<u>Plaintiffs' position</u>: This case is not complex.  No discovery is appropriate; even if limited discovery were appropriate, its scope would not qualify as complex.

Defendants' position: Although Defendants intend to submit some expert testimony, the parties do not believe that any of the other features are present in this case or that the case is complex.

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiffs: Susan Talcott Camp, ACLU Foundation, Inc.

Defendants: Jeffrey M. Harris, Consovoy McCarthy PLLC

Defendant Paul L. Howard, Jr.: Linda A. Klein, Baker Donelson Bearman

Caldwell & Berkowitz, P.C.

Defendant Sherry Boston: S. Derek Bauer, Baker Hostetler LLP

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

__x_Yes ____No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

Defendants' position: Defendants have shown in their opposition brief to Plaintiffs' preliminary injunction motion that Plaintiffs' vagueness claim does not satisfy Article III standing. Specifically, Plaintiffs have not shown how they personally intend to engage in a course of conduct affected with a constitutional interest that will be proscribed by the LIFE Act's definition of natural person, or that any course of conduct they plan to take faces a credible threat of prosecution

3

due to the LIFE Act's definition of natural person. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).

<u>Defendant Sherry Boston's position</u>:  Defendant Sherry Boston ("D.A. Boston") has shown in her opposition to Plaintiffs' motion for preliminary injunction that Plaintiffs' claims fail to present an actual "case or controversy" between any Plaintiff and D.A. Boston sufficient to demonstrate Article III standing.  Specifically, because Plaintiffs do not and cannot allege any of them faces a credible threat of prosecution by D.A. Boston under H.B. 481, they have not shown and cannot show, as a matter of law, that they have suffered, or are about to suffer, an injury in fact that is actual or imminent, and not conjectural or hypothetical, with the result that this Court lacks subject matter jurisdiction over their claims as against D.A. Boston.

**5.    Parties to This Action:**

   **(a) The following persons are necessary parties who have not been joined:**

     None

   **(b) The following persons are improperly joined as parties:**

     For the reasons briefly set forth in response to Question #4, above, D.A. Boston is improperly joined as a defendant in this action.

   **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

     None

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**
**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)     Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**
**(b)     Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**
**(c)     Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**
**(d)     Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

Plaintiffs maintain that discovery is neither necessary nor appropriate in this case, because it can and should be decided on pure issues of law, and therefore initial disclosures should not be exchanged.

Defendants maintain that very limited discovery, particularly with respect to expert testimony and the Plaintiffs' standing, is in order to demonstrate the nature and effect of the LIFE Act and show that its regulations are appropriately tailored to Georgia's multiple unique state interests in regulating abortion.

To the extent initial disclosures are required to be exchanged in this case, the parties believe that the current initial disclosure deadline of September 18, 2019, should be extended until after the September 23, 2019 preliminary injunction argument to allow the parties time to address whether and, if so, how discovery should go forward in this case, and to discuss further any proposed changes to the default discovery and case schedule, in the event that this Court express any views on scheduling on September 23, 2019.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

No.

**10.     Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**
**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiffs' position: No discovery is needed, and is in fact inappropriate, because Plaintiffs are entitled to judgment as a matter of law. The only material fact is whether H.B. 481 bans abortion at a pre-viability point in pregnancy. The Verified Complaint establishes that it does and Defendants do not dispute that. Thus, judgment as a matter of law may be entered in favor of Plaintiffs based solely on the existing record and legal briefing submitted in connection with the motion for preliminary injunction and the September 23, 2019 argument on that motion. If it is not possible to enter final judgment on these grounds before January 1, 2020, then a preliminary injunction is urgently needed before that time.

Defendants' position: Defendants have a right to discovery in this case and there is no basis in precedent for the Plaintiffs' position that this case is a pure question of law. Defendants have demonstrated in their briefing, among other things, that: (1) the Supreme Court has recognized a separate and distinct state interest in protecting unborn life, but has not determined the standard of review for this interest, necessarily raising factual issues as to whether the LIFE Act is appropriately tailored to Georgia's interest in protecting life; and (2) the Supreme Court has recognized that states may regulate abortion pre-viability in order to advance their interests in maternal health, medical ethics, and childbirth, necessarily raising the factual issue of whether the LIFE Act's restrictions are appropriated tailored to those interests.

Additionally, Plaintiffs misrepresent Defendants' position in this case. ***Defendants do not concede***, but in fact dispute and contest the claim, that the LIFE Act "bans abortion at a pre-viability point in the pregnancy." To the contrary, Defendants have demonstrated in their briefing that under the LIFE Act all women are capable of obtaining an abortion before detection of the heartbeat, and moreover, that all women can obtain a pre-viability abortion after the heartbeat if they fall within the health, life, rape, or incest exceptions of the law. The LIFE Act does not "ban" abortion pre-viability, and discovery is appropriate to show that its limited and reasonable restrictions on abortion are appropriately tailored to its multiple constitutional state interests. Some limited discovery may also be necessary on the issue of Plaintiffs' standing to bring their vagueness claim.

Defendant Sherry Boston's position:  For the reasons set forth above and in D.A. Boston's opposition to Plaintiffs' motion for preliminary injunction, no discovery is necessary to determine that the Court lacks subject matter jurisdiction

over Plaintiffs' claims as to D.A. Boston, and that she should be dismissed from this action.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete any discovery.

As for whether discovery should be conducted in phases or be limited to or focused upon particular issues:

Plaintiffs' position: For the reasons set forth above, Plaintiffs do not believe that any discovery is appropriate in this case. The only relevant issue is whether the point in pregnancy at which H.B. 481 bans abortion is a pre-viability point in pregnancy.

Defendants' position: For the reasons set forth above, Defendants believe that they have a right to discovery and that a certain amount of discovery is appropriate in this case. Discovery can be focused on whether the LIFE Act's restrictions (which are not a "ban") are appropriately tailored to its constitutional interests in saving unborn life, protecting maternal health, safeguarding the ethics and integrity of the medical profession, and promoting childbirth. Some limited discovery as to Plaintiffs' standing to bring their vagueness claim may also be in order. Defendants do not believe that discovery needs to be conducted in phases, as this case will require only a limited amount of discovery.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a)     **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Plaintiffs' position: For the reasons set forth in the response to Question #10 above, Plaintiffs believe that discovery would be inappropriate in this case.

Defendants' position: For the reasons set forth in the response to Question #10 above, Defendants believe that they have a right to discovery and that a certain amount of discovery is appropriate in this case. Defendants do not believe any extra changes or limitations are necessary in this case.

**(b)    Is any party seeking discovery of electronically stored information?**

**___x____ Yes _____ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

If necessary, the parties will continue to discuss ESI matters and agree upon this issue at a later date.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

If necessary, the parties will continue to discuss ESI matters and agree upon this issue at a later date.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Plaintiffs' position: Plaintiffs believe that, assuming *arguendo* that discovery were to take place in this case, it may be necessary to enter a protective order preventing the public disclosure of names, addresses, or other identifying

information of staff, clinicians, and patients affiliated with Plaintiffs (except for the names of Plaintiffs and the addresses of Plaintiff organizations that are already public). Nonetheless, Plaintiffs do not believe this Court needs to enter such an order at this time, while the parties continue to discuss what discovery, if any, is appropriate.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** September 4, 2019**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiffs: Lead counsel:**

Susan Talcott Camp, ACLU Foundation, Inc.

**Signature**: ____/s/ Susan Talcott Camp_____

**Other participants:** Emily Nestler and Kirby Tyrrell, Center for Reproductive Rights; Carrie Flaxman, Planned Parenthood Federation of America; Sean J. Young, American Civil Liberties Union Foundation of Georgia, Inc.


**For Defendants: Lead counsel:**

Jeffrey M. Harris, Consovoy McCarthy PLLC

**Signature**: _____/s/ Jeffrey M. Harris _____

**Other participants:** Patrick Strawbridge and Steven C. Begakis, Consovoy McCarthy PLLC; Andrew A. Pinson, Solicitor General of Georgia.


**For Defendant Paul L. Howard, Jr.:**

Linda A. Klein

**Signature**: ___ /s/ Linda A. Klein _____

**Other participants:** Joe D. Whitley, Steven G. Hall, Sarah Carrier, all of Baker Donelson Bearman Caldwell & Berkowitz, P.C.


**For Defendant Sherry Boston:**

**Lead Counsel:**  S. Derek Bauer, Baker Hostetler LLP

**Signature**: _/s/ S. Derek Bauer _____

Other participants: Ian K. Byrnside and Erin Morrissey, Baker Hostetler LLP


     **(b)**    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

     **(_____) A possibility of settlement before discovery.**

     **(_____) A possibility of settlement after discovery.**

     **(_____) A possibility of settlement, but a conference with the judge is needed.**

     **(__X___) No possibility of settlement.**

     **(c)**    **Counsel(_____) do or (___X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

     **The proposed date of the next settlement conference is _____, 20____.**

     **(d)**    **The following specific problems have created a hindrance to settlement of this case.**

**14.     Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.**

**(b) The parties (__x___) do not consent to having this case tried before a magistrate judge of this Court.**

Signatures:

__/s/ Susan Talcott Camp_____              ___/s/ Jeffrey M. Harris_____

Susan Talcott Camp*                          Jeffrey M. Harris*
AMERICAN CIVIL LIBERTIES UNION               CONSOVOY MCCARTHY PLLC
FOUNDATION, INC.                             1600 Wilson Boulevard, Suite 700
125 Broad Street, 18th Floor                 Arlington, VA 22209
New York, NY 10004                           (703) 243-9423
(212) 549-2633                               jeff@consovoymccarthy.com
tcamp@aclu.org                               *Lead Counsel for Defendants*
*Lead Counsel for Plaintiffs*                 *\* Admitted pro hac vice*
*\* Admitted pro hac vice*

                                             ___/s/ __ Linda A. Klein_____
___/s/ S. Derek Bauer _____                Linda A. Klein
S. Derek Bauer                               Baker Donelson Bearman
Baker Hostetler LLP                          Caldwell & Berkowitz, PC
1170 Peachtree Street, NE                    3414 Peachtree Road, NE
Suite 2400                                   Suite 1600
Atlanta, Georgia 30309                       Atlanta, Georgia 30326
(404) 256-8425                               (404) 577-6000
dbauer@bakerlaw.com                          lklein@bakerdonelson.com
*Lead counsel for Defendant Boston*           *Lead counsel for Defendant Howard*

* * * * * * * * * * * * *
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.


_____
**UNITED STATES DISTRICT JUDGE**

13