# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE *et al.*,<br><br>  Plaintiffs,<br><br>vs.<br><br>BRIAN KEMP *et al.*,<br><br>  Defendants. | Civil Action No.: 1:19-cv-02973-SCJ |

## PLAINTIFFS' MOTION TO LIMIT DISCOVERY AND FOR EXPEDITED CONSIDERATION

## INTRODUCTION

Plaintiffs respectfully move this Court to preclude discovery on an issue that is irrelevant—the state's interests in banning abortion prior to viability, along with the strength of those interests and the extent to which H.B. 481 is closely tied to serving those interests—because that discovery cannot change the outcome here. Under Federal Rule of Civil Procedure 26(b)(1), discovery must, at a minimum, be "relevant." *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . .") (emphasis added).[1]

Defendants seek discovery including expert discovery "in order to . . . show that [H.B. 481's] regulations are appropriately tailored to Georgia's multiple unique state interests in regulating abortion." Joint Prelim. Report & Disc. Plan ("Disc. Plan"), ECF No. 90 at 6, filed Sept. 18, 2019. But as this Court has since held in its Preliminary Injunction Order, "under no circumstances whatsoever may a State prohibit or ban abortions at any point prior to viability, *no matter what interests the State asserts to support it*." Prelim. Inj. Order ("Order"), ECF No. 97

---

[1] In addition to relevance, the Rule requires that any discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Because the state's interests in banning abortion before the point of viability are irrelevant under binding caselaw as discussed below, no proportionality inquiry is necessary. In any event, this case does not "need" any discovery on that issue.

at 33, filed October 1, 2019 (emphasis added) (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 879 (1992) ("Before viability, the State's interests are not strong enough to support a prohibition on abortions")). Because discovery on the topic of the state's interests in banning pre-viability abortion is irrelevant—as recognized in this Court's holding and based on binding Supreme Court law—such discovery is per se improper and should be precluded.

## ARGUMENT

### I. Because No State Interests Can Justify a Ban Before Viability, No Discovery, Including Expert Discovery, on that Topic Is Appropriate

Trial courts are "guided by one overarching principle: the rule of law." *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330, 1380 (M.D. Ala. 2014), *supplemented*, 33 F. Supp. 3d 1381 (M.D. Ala. 2014), *and amended by* No. 2:13CV405-MHT, 2014 WL 5426891 (M.D. Ala. Oct. 24, 2014). They are "obligat[ed] to assure 100% enforcement of th[e] law as it is." *Id.* Federal law thus limits the scope of discovery to "matter[s] that [are] relevant to any parties' claim or defense." Fed. R. Civ. P. 26(b)(1). A fact on which a party seeks discovery is relevant only if it is "of consequence in determining the action," Fed. R. Evid. 401(b), that is, if it can change the outcome under the governing standard. The state's interest in banning abortion at any point before viability is of no consequence in determining whether such a ban is constitutional under prevailing

law. *See Citizens for a Better St. Clair Cty. v. James*, 648 F.2d 246, 251–52 (5th Cir. 1981) (upholding ruling on the merits before discovery was completed where the "question plainly is one of law, and discovery was unnecessary to its resolution"); *Jenkins v. Campbell*, 200 F.R.D. 498, 501 (M.D. Ga. 2001) ("The most important concept to glean from a close reading of current discovery rules is that parties are to engage in discovery only as to matters relevant to or otherwise helpful in the case.").

Thus, because this Court has already held that a pre-viability ban is unlawful under binding Supreme Court precedent, Order at 32, 11, the Court, like others that have considered the question, should preclude irrelevant discovery. *See*, *e.g.*, Order, *EMW Women's Surgical Ctr., P.S.C., v. Meier*, No. 3:19-cv-178 (W.D. Ky. Apr. 17, 2019) (in challenge to six-week ban based on detectable cardiac activity, ordering that only "[i]f, after briefing of the legal issues the Court is convinced that discovery is appropriate, limited discovery on discrete factual issues may be authorized"); *Jackson Women's Health Org. v. Currier*, No. 3:18-CV-00171-CWR-FKB, 2018 WL 2219089, at *1 (S.D. Miss. May 15, 2018) (limiting discovery in challenge to fifteen-week ban, holding that evidence about "any other issue" than "whether the 15-week mark is before or after viability" was irrelevant); *cf. MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 772–73 & n.4 (8th Cir. 2015)

(affirming summary judgment permanently enjoining six-week ban based on detectable cardiac activity, where district court had allowed only extremely limited discovery), *cert. denied*, 136 S. Ct. 981 (2016). This issue can and should therefore be resolved as a matter of law.

That Defendants propose irrelevant *expert* discovery on how H.B. 481 advances state interests, Disc. Plan at 6, only heightens the need for the Court to fulfill its gatekeeper function. Expert testimony on that topic cannot "assist the trier of fact to understand the evidence or to determine a fact at issue," *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting Fed. R. Evid. 702), and Eleventh Circuit precedent limits expert testimony in such circumstances, *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 585 (11th Cir. 2001) (holding district court abused its discretion by failing to exclude expert testimony on issue that was irrelevant under governing standard).[2]

---

[2] *See also Benton v. Deli Management Inc.*, 2019 WL 3852660, at *11 (N.D. Ga. Aug. 8, 2019) (As "gatekeepers regarding expert testimony, district courts are charged with screening out experts . . . whose expertise is irrelevant to the issue at hand.") (quoting *Corwin v. Walt Disney Co.,* 475 F.3d 1239, 1250 (11th Cir. 2007)); *Jack v. Glaxo Welcome, Inc.*, 239 F. Supp. 2d 1308, (N.D. Ga. 2002) ("The district judge is obligated to act as gatekeeper and ensure that the proffered testimony. . . is relevant to the task at hand.") (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1995)).

**II.     Plaintiffs Should Not Be Forced to Engage in Expensive and Time Consuming Discovery on Irrelevant Topics**

As the Eleventh Circuit has made clear, the District Court's role includes ensuring that discovery does not proceed on any irrelevant matter, wasting precious judicial resources and the resources of the parties. Allowing unnecessary discovery "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *see also Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("[W]e have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice.") (collecting cases) (internal quotation marks omitted).

If Defendants are able to develop expert testimony on the state interests underlying a pre-viability ban, then Plaintiffs must either expend time and resources to test and rebut that irrelevant evidence, or allow it to go undisputed. *Cf. Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1330 (N.D. Ga. 2017) (allowing a supplemental expert report after disclosure deadline is not "harmless" because opposing party must "expend resources responding to the new opinions in

5

the report"); *see also Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1030 (5th Cir. 1983) (district court may prevent one party from "burdening" the other "with a needless round of discovery") (internal citation omitted). Plaintiffs should not have to make that choice. *See Jenkins*, 200 F.R.D. at 501 (district courts have discretion "'to police discovery simply and speedily'" and to "order 'that certain matters not be inquired into'") (quoting *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)).

### III. Defendants Are Not Entitled to Discovery for the Purpose of Presenting Irrelevant Factual Allegations to an Appellate Court

By proposing discovery including expert discovery that is irrelevant under the viability framework, Defendants effectively seek to re-litigate—and force Plaintiffs to re-litigate—*Roe* and the half-century of Supreme Court decisions reaffirming its core holding. This Court's role as a gatekeeper is to determine what is relevant *under that binding standard*, which Defendants' proposed discovery is not.

Accordingly, other federal courts to address this issue have precluded discovery that cannot change the decision of the trier of fact under the viability standard. For example, the district court in Mississippi explicitly rejected the State's attempt to develop evidence manifestly aimed not to aid the fact-finder, but to appeal to the Supreme Court:

> The Court will conclude with the obvious: Defendants' request for expanded discovery is not about defending [a fifteen-week ban] within the viability framework. The evidence Defendants seek [on state interests] . . . aims to persuade courts to reject the framework itself. If the Supreme Court feels open to such persuasion, it will indicate as much. To date, it has not done so, and has instead spent decades affirming the viability framework. This Court must remain within that framework, and limit discovery accordingly.

*Jackson Women's Health Org.*, 2018 WL 2219089, at *2 (footnotes omitted); *see also Planned Parenthood Se., Inc.*, 33 F. Supp. 3d at 1380 (recognizing *Casey* "gave to the courts in the trenches their marching orders"); *see also MKB Mgmt. Corp.*, 795 F.3d at 773 n.4 (affirming summary judgment enjoining six-week ban based on detectable cardiac activity and order limiting discovery to the issue of viability, noting that "a district court must be allowed the discretion to limit the scope of discovery to what the court perceived were the central issues") (internal citation omitted).

A litigant's hope that the Supreme Court might eventually overturn precedent does not justify discovery that cannot change the outcome under that precedent. *See, e.g.*, *MKB Mgmt. Corp. v. Burdick,* No. 1:13-CV-071, 2014 WL 11516246, at *2–3 (D.N.D. Jan. 28, 2014) (affirming magistrate's discovery determination that "Plaintiffs should not be required to incur the substantial costs and burden of expansive discovery based on the hope of abrogating Supreme Court

7

precedent"). Allowing states to force each successive plaintiff seeking to vindicate their constitutional rights to re-litigate issues that are immaterial under well-settled precedent would create disproportionate burdens and perverse incentives, contrary to the doctrine of *stare decisis* and the Federal Rules of Civil Procedure. As the Supreme Court stated in *Casey*, reaffirming the viability framework, "[N]o judicial system could do society's work if it eyed each issue afresh in every case that raised it." 505 U.S. at 854.

Hence, a state defending a same-sex marriage ban could not proffer "expert" opinion that same-sex couples are inferior parents in an attempt to overturn *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015); a state defending an anti-miscegenation law could not proffer "expert" opinion on newly discovered purported benefits of "preserv[ing] the racial integrity of its citizens" in an attempt to overturn *Loving v. Virginia*, 388 US 1 (1967); and a state defending *de jure* segregation of public schools could not offer "expert" opinion on the state interests underlying such a law in an attempt to overturn *Brown v. Board of Education*, 347 U.S. 483 (1954). The outcome is no different here.

\*   \*   \*

Every litigant has the right to challenge precedent, but that right can never justify discovery on topics that are irrelevant and therefore inadmissible. Hence,

8

Plaintiffs ask the Court to preclude discovery including expert discovery on the state interests underlying H.B. 481's ban on abortion at a pre-viability point in pregnancy.

In addition, in light of the tight discovery schedule, Plaintiffs respectfully request that the Court either expedite consideration of this motion, or stay discovery for a short period while the Court decides this motion.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court preclude discovery including expert discovery on the subject of state interests underlying a ban on abortion at any point before viability.

Respectfully submitted this 29th day of October, 2019.

| | |
|---|---|
| Susan Talcott Camp* | **Sean Young** |
| Elizabeth Watson* | Attorney Bar Number: 790399 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC. | Attorney for Plaintiffs American Civil Liberties Union Foundation of Georgia, Inc. |
| 125 Broad Street, 18th Floor | |
| New York, NY 10004 | P.O. Box 77208 |
| (212) 549-2633 | Atlanta, GA 30357 |
| tcamp@aclu.org | Telephone: (678) 981-5295 |
| ewatson@aclu.org | Email: syoung@acluga.org |

*Attorneys for Plaintiffs SisterSong, ACWC, AWMC, carafem, Summit, and Drs. Cwiak, Haddad and Lathrop*

Carrie Y. Flaxman*
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW
Suite 300
Washington, DC 20005
(202) 973-4800
carrie.flaxman@ppfa.org

Susan Lambiase*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William St., Floor 9
New York, NY 10038
(212) 541-7800 (phone)
(212) 247-6811 (fax)
susan.lambiase@ppfa.org

*Attorneys for PPSE*

Julie Rikelman*
Emily Nestler*
Kirby Tyrrell*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3670 (phone)
(917) 637-3666 (fax)
jrikelman@reprorights.org
enestler@reprorights.org
ktyrrell@reprorights.org

*Attorneys for Plaintiffs Feminist and CWHO*

\* *Admitted pro hac vice*

10

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ga. Local Civil Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with N.D. Ga. Local Civil Rule 5.1(C) in Times New Roman 14-point typeface.

**Sean Young**
Attorney Bar Number: 790399
Attorney for Plaintiffs
American Civil Liberties Union Foundation of Georgia, Inc.
P.O. Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: syoung@acluga.org

## CERTIFICATE OF SERVICE

I hereby certify that on the aforementioned date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which constitutes service on ECF registered users. N.D. Ga. Civil Local Rule 5.1(A)(3). Defendants' attorneys who later enter a notice of appearance will be served a copy of the foregoing by mail. Fed. R. Civ. P. 5(b)(2)(C).

**Sean Young**
Attorney Bar Number: 790399
Attorney for Plaintiffs
American Civil Liberties Union Foundation of Georgia, Inc.
P.O. Box 77208
Atlanta, GA 30357
Telephone: (678) 981-5295
Email: syoung@acluga.org