IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SISTERSONG WOMEN OF COLOR
REPRODUCTIVE JUSTICE
COLLECTIVE, on behalf of itself
and its members, *et al.*,

    Plaintiffs,

v.

BRIAN KEMP, Governor of the State
of Georgia, in his official capacity,
*et al.*,

    Defendants.

CIVIL ACTION FILE
No. 1:19-cv-02973-SCJ

## ORDER

This matter is before the Court on Plaintiffs' Motion to Limit Discovery

and for Expedited Consideration,[1] in which they move this Court to preclude

discovery, including expert discovery, on the subject of "the state's interest in

---

[1] The Court previously denied Plaintiffs' request for expedited consideration of this motion and for a stay of the discovery period. Doc. No. [105]. Response and reply briefs were therefore due in accordance with the time limits provided by the Court's Local Rules. Id.

1

banning abortion prior to viability, along with the strength of those interests and the extent to which H.B. 481 is closely tied to serving those interests." Doc. No. [104], p. 1. The State Defendants filed a response in opposition to Plaintiffs' motion,[2] to which Plaintiffs replied. Doc. Nos. [107]; [113]. This matter is now ripe for review, and the Court rules as follows.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Evidence is "relevant" only if it is "of consequence in determining the action." Fed. R. Evid. 401(b).

Plaintiffs argue that, under binding Supreme Court law, any discovery on state interests underlying a ban on abortion at any point prior to viability is irrelevant and thus should be precluded. Doc. No. [104], pp. 2–4. After due consideration, the Court agrees. The Supreme Court has repeatedly and unequivocally held that under no circumstances whatsoever may a state prohibit or ban abortions prior to viability, no matter what interests the state

---

[2] Defendant Paul L. Howard, Jr. also filed a response separate from the State Defendants, in which he asked the Court to grant Plaintiffs' motion. Doc. No. [108].

asserts to support it. See Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 846, 879 (1992) ("Before viability, the State's interests are not strong enough to support a prohibition on abortions . . . . [A] State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability."). Because H.B. 481 constitutes a pre-viability abortion ban,[3] any discovery that the State Defendants seek to proffer regarding the purported state interests underlying H.B. 481 is irrelevant under the current Supreme Court viability framework. See, e.g., MKB Mgmt. Corp. v. Stenehjem, 795 F.3d 768, 772–73 & n.4 (8th Cir. 2015) (affirming summary judgment permanently enjoining six-week abortion ban based on detectable cardiac activity and holding that the district court did not err in affirming a magistrate judge's order limiting discovery to the issue of viability); Jackson Women's Health Org. v. Currier, No. 3:18-CV-00171-CWR-FKB, 2018 WL 2219089, at *1 (S.D. Miss. May

---

[3] As the Court explained in its preliminary injunction order, H.B. 481 — by prohibiting a woman from terminating her pregnancy after a fetal heartbeat is detected — constitutes a pre-viability abortion ban as opposed to merely a pre-viability abortion "restriction." Doc. No. [97], pp. 34–35. Nevertheless, even if H.B. 481 could appropriately be characterized as a pre-viability abortion restriction, the Court still cannot ascertain how any discovery regarding its underlying state interests is relevant under the governing, "undue burden" standard. See Casey, 505 U.S. at 878 ("An undue burden exists, and therefore a provision of law is invalid, if its purpose or effect is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability.").

15, 2018) (limiting discovery in challenge to fifteen-week abortion ban, holding that evidence about "any other issue" than "whether the 15-week mark is before or after viability" was irrelevant).

Moreover, should the State Defendants be allowed to pursue expert discovery on the state interests underlying H.B. 481, Plaintiffs would either be forced to expend time and resources to rebut such evidence or allow it to go undisputed. Yet given the clearly established Supreme Court precedent extending back for forty years, Plaintiffs should not be required to incur the substantial costs and other burdens of the irrelevant expert discovery the State Defendants requests. See MKB Mgmt. Corp. v. Burdick, No. 1:13-CV-071, 2014 WL 11516246, at *2–3 (D.N.D. Jan. 28, 2014) (affirming magistrate judge's discovery determination that "[p]laintiffs should not be required to incur the substantial costs and burden of expensive discovery based on the hope of abrogating Supreme Court precedent"); see also Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002) ("[W]e have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice.") (internal quotation marks omitted).

4

Finally, the Court is unable to conclude that a discovery limitation will prejudice the State Defendants. To the extent that the State Defendants later wish to present "state interest" information in support of their dispositive motions (or to attempt to abrogate the above-stated Supreme Court precedent), they are not foreclosed by this Order. The State Defendants, for example, can rely upon any findings and determinations made by the Georgia Legislature as reflected in H.B. 481 or its legislative history. See MKB Mgmt. Corp. v. Burdick, No. 1:13-CV-071, 2013 WL 6147204, at *4 (D.N.D. Nov. 15, 2013). Additionally, the State Defendants can rely upon "legislative facts," which are "of the type that reviewing courts often rely upon in considering whether constitutional precedents should be overturned, even when not developed in the record." Id.

For the reasons discussed above, the Court finds that discovery, including expert discovery, regarding the state's interests underlying H.B. 481 should be precluded. Accordingly, Plaintiffs' Motion to Limit Discovery is **GRANTED**. Doc. No. [104].

**IT IS SO ORDERED** this 3 rd day of December, 2019.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

5