IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRIAN KEMP *et al.*,<br><br>    Defendants. | Civil Action No.: 1:19-cv-02973-SCJ |

## PLAINTIFFS NOTICE OF SUPPLEMENETAL AUTHORITY

Plaintiffs respectfully submit this notice regarding the Supreme Court's decision in *June Medical Services L.L.C. v. Russo*, No. 18-1323, 2020 WL 3492640 (U.S. June 29, 2020). Citing "[a] long line of well-established precedent[,]" the Court reaffirmed in *June* that it "permit[s] abortion providers to invoke the rights of their actual or potential patients in challenges to abortion-related regulations." *Id.* at *9–10 (citing cases); *id.* at *26 n.4 (Roberts, C.J., concurring) ("For the reasons the plurality explains, *ante*, at 11–16, I agree that the abortion providers in this case have standing to assert the constitutional rights of their patients.").

1

The Supreme Court explained that it has "generally permitted plaintiffs to assert third party rights in cases where the 'enforcement of the challenged restriction *against the litigant* would result indirectly in the violation of third parties' rights.'" *Id.* at *9 (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). In *June*, as in the instant case before this Court, "[t]he plaintiffs are abortion providers challenging a law that regulates their conduct[.]" *Id.* at *10. The "'threatened imposition of governmental sanctions' for noncompliance eliminates any risk that [plaintiffs'] claims are abstract or hypothetical. That threat also assures [the Court] that the plaintiffs have every incentive to 'resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function.'" *Id.* (quoting *Craig v. Boren*, 429 U.S. 190, 195 (1976)). Thus, provider plaintiffs clearly meet the requirements for third-party standing. Further, the Supreme Court made clear that when these requirements are met, providers have the ability to raise the rights of their patients regardless of the justifications defendants raise in support of the challenged law. *Id.*

Accordingly, the Court's decision in *June*, along with the controlling precedent cited in Plaintiffs' brief, further supports provider plaintiffs' standing.[1]

---

[1] *See* Pls.' Resp. in Opp. to Defs. Mot. For Summ. J., ECF No. 127, 3–5; Reply to Defs.' Opp. to Pls.' Mot. Summ. J., ECF No. 135, 1–2.

Respectfully submitted this 1st day of July, 2020.

| | |
|---|---|
| Sean Young<br>Attorney Bar Number: 790399<br>Attorney for Plaintiffs<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF GEORGIA, INC.<br>P.O. Box 77208<br>Atlanta, GA 30357<br>Telephone: (678) 981-5295<br>Email: syoung@acluga.org | **/s/ Elizabeth Watson**<br><br>Elizabeth Watson*<br>Brigitte Amiri*<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION, INC.<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2633<br>ewatson@aclu.org<br>bamiri@aclu.org |
| Carrie Y. Flaxman*<br>PLANNED PARENTHOOD FEDERATION<br>OF AMERICA<br>1110 Vermont Avenue, NW<br>Suite 300<br>Washington, DC 20005<br>(202) 973-4800<br>carrie.flaxman@ppfa.org | *Attorneys for Plaintiffs SisterSong, ACWC, AWMC, carafem, Summit, and Drs. Cwiak, Haddad and Lathrop*<br><br>Julie Rikelman*<br>Emily Nestler*<br>Kirby Tyrrell* |
| Susan Lambiase*<br>PLANNED PARENTHOOD FEDERATION<br>OF AMERICA<br>123 William St., Floor 9<br>New York, NY 10038<br>(212) 541-7800 (phone)<br>(212) 247-6811 (fax)<br>susan.lambiase@ppfa.org | CENTER FOR REPRODUCTIVE RIGHTS<br>199 Water Street, 22nd Floor<br>New York, NY 10038<br>(917) 637-3670 (phone)<br>(917) 637-3666 (fax)<br>jrikelman@reprorights.org<br>enestler@reprorights.org<br>ktyrrell@reprorights.org |
| *Attorneys for PPSE* | *Attorneys for Plaintiffs Feminist and CWHO* |

*\* Admitted pro hac vice*