IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SISTERSONG WOMEN OF COLOR REPRODUCTIVE JUSTICE COLLECTIVE, on behalf of itself and its members, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*,<br><br>*Defendants*. | No. 1:19-cv-02973-SCJ |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

On June 29, 2020, the Supreme Court decided *Seila Law LLC v. CFPB*, No. 19-7 (attached), which further supports Defendants' argument that any provisions of the LIFE Act found unconstitutional should be severed from the rest of the Act.

In *Seila Law*, the Court found that it was unconstitutional to have a federal agency led by a single, independent director who could be removed only for cause. But the Court then severed that unconstitutional removal provision from the rest of the statute that created the CFPB (the Dodd-Frank Act). *See* Slip Op. at 30-36. The Court reiterated that "'one section of a statute may be repugnant to the Constitution without rendering the whole act void.'"

1

*Id.* at 32 (citation omitted). "'Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem, severing any problematic portions while leaving the remainder intact." *Id.* at 32 (citation omitted).

In *Seila Law*, the "only constitutional defect" was the CFPB Director's "insulation from removal," and that "constitutional violation would disappear" by striking the for-cause removal provision. *Id.* at 32-33. The Court thus held by a 7-2 vote that this provision was severable, reasoning that the remaining provisions "remain fully operative without the offending tenure restriction," are "capable of functioning independently," and there "is nothing in the text or history of the Dodd-Frank Act that demonstrates Congress would have preferred *no* CFPB to a CFPB supervised by the President." *Id.* at 33.[1]

Just so here. Even if this Court finds that the LIFE Act's restrictions on post-heartbeat abortions or its definition of natural person (as used in other statutes) are unconstitutional, any constitutional violation would "disappear" by enjoining those provisions alone. The Act's other provisions regarding child support, tax benefits, tort damages, informed consent, and public health information are "capable of functioning independently." And, just as in *Seila*

---

[1] Justices Kagan, Ginsburg, Breyer, and Sotomayor dissented from the Court's holding that the CFPB's structure was unconstitutional but agreed that the removal provision could be severed from the rest of the Dodd-Frank Act. *See* Slip Op. at 37 (Kagan, J., concurring in the judgment with respect to severability and dissenting in part) ("*if* the agency's removal provision is unconstitutional, it should be severed").

*Law*, plaintiffs point to nothing suggesting that the Georgia Legislature would have preferred *no LIFE Act at all* to an Act that included everything except the abortion restrictions and the definition of natural person. *Seila Law* further underscores that any injunction issued by this Court must be limited to the specific provisions (if any) found to be unconstitutional.

                              Respectfully submitted,

Dated:   July 2, 2020    /s/ *Jeffrey M. Harris*

Christopher M. Carr  
   *Attorney General of Georgia*  
Andrew A. Pinson (Bar #584719)  
   *Solicitor General*  
Georgia Department of Law  
40 Capitol Square SW  
Atlanta, GA 30334  
(404) 651-9453

Jeffrey M. Harris (*pro hac vice*)  
Steven C. Begakis (*pro hac vice*)  
CONSOVOY MCCARTHY PLLC  
1600 Wilson Boulevard, Suite 700  
Arlington, VA 22209  
(703) 243-9423

Patrick Strawbridge (*pro hac vice*)  
CONSOVOY MCCARTHY PLLC  
Ten Post Office Square  
8th Floor South, PMB #706  
Boston, MA 02109  
(617) 227-0548

                *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this brief uses 13-point Century Schoolbook in compliance with Local Rule 5.1(B).

/s/ *Jeffrey M. Harris*
Jeffrey M. Harris (*pro hac vice*)

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing brief was electronically filed with the Clerk of Court using the CM/ECF system on July 2, 2020, thereby serving all counsel of record.

                                          /s/ *Jeffrey M. Harris*
                                          Jeffrey M. Harris (*pro hac vice*)